IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANDREA CAMPBELL, ) | |
| ) | CASE NO.   16-cv-1320-NJR-SCW |
| Plaintiff, ) | |
| ) | CJRA TRACK:   D |
| vs. ) | |
| ) | JUDGES ASSIGNED: |
| SI WIRELESS, LLC, et al., ) | District Judge Nancy J. Rosenstengel |
| ) | Magistrate Judge Stephen C. Williams |
| Defendants. ) | |
| ) | PRESUMPTIVE JURY TRIAL |
| ) | MONTH:   October, 2018 |
| ) | |
| ) | FINAL PRETRIAL CONFERENCE: |
|   | September 20, 2018 at 10:30 a.m. |

**<span style="color:red">UNIFORM TRIAL PRACTICE AND PROCEDURES
FOR CASES ASSIGNED A PRESUMPTIVE TRIAL MONTH</span>**

In conformity with the Civil Justice Reform Act of 1990, and in compliance with the Civil Justice Expense and Delay Reduction Plan adopted by this Court, the following uniform procedures will apply to <u>civil</u> cases filed in the Southern District of Illinois.

## Scheduling Practice

Trial settings and other scheduling will vary depending on the track assigned to the case by the District Judge to whom the case is randomly assigned.  There are four tracks designated "A," "B," "C," and "D."  Track A cases are set for trial 8 to 10 months after the date of first appearance by a defendant or default.  Track B cases are set for trial 11 to 14 months after the date of first appearance by a defendant or default.  Track C cases are set for trial 15 to 18 months after the date of first appearance by a defendant or default.  Track D cases are set for trial 19 to 24 months after the date of first

appearance by a defendant or default.

Except in cases exempted under SDIL-LR 16.2(a), the attorneys and any unrepresented parties must meet in accord with SDIL-LR 16.2(a) at least 21 days before any scheduling conference set by the Court to candidly discuss the issues in the case and potential discovery needs. **FED. R. CIV. P. 26(f).** Within 14 days after this meeting, and at least 7 days before the scheduling conference, the participants must submit a Joint Report of the Parties and Proposed Scheduling and Discovery Order to the Magistrate Judge before whom the conference is set.

All track B, C, and D cases will be set for a scheduling and discovery conference before a Magistrate Judge within 40 days after the track has been set by the District Judge. The scheduling conference may be canceled at the discretion of the Court following receipt of the Joint Report of the Parties regarding their initial meeting. The Magistrate Judge may approve the Joint Report of Parties and Proposed Scheduling and Discovery Order or may enter a separate Scheduling Order, as circumstances require.

For most cases assigned to Judge Rosenstengel, when the case undergoes threshold jurisdictional review and tracking, a *presumptive trial month* will be set along with a final pretrial conference date and time. At the final pretrial conference (usually 30 to 60 days before the first day of the presumptive trial month), the case will be given a *firm trial date*.

The policy of this District Court is to require the parties to confer and submit a joint Final Pretrial Order three days before the final pretrial conference. **See SDIL-LR**

**16.2(a).** For Judge Rosenstengel's cases, the Final Pretrial Order (if jointly prepared <u>and signed</u>) may be presented *at* the final pretrial conference.  In either situation, counsel shall e-mail the Final Pretrial Order to Judge Rosenstengel's proposed document folder at: <u>NJRpd@ilsd.uscourts.gov</u>.  Additionally, the Final Pretrial Order must be prepared using Judge Rosenstengel's form, which is available on the Court's website.  Log on to www.ilsd.uscourts.gov.  From the options listed on the burgundy bar at the top of the screen select "Judges" then select "Judge Nancy J. Rosenstengel" on the left.  Click the hyperlink to "**Download Judge Rosenstengel's Case Management Procedures**," and under "Civil Cases," find the section captioned "Final Pretrial Order," which contains a hyperlink to Judge Rosenstengel's form.

<u>Disclosures and Discovery Practice</u>

Except in cases exempted under SDIL-LR 26.1, the parties shall comply with the initial disclosure requirements of Federal Rule of Civil Procedure 26(a).  These initial disclosures must be supplemented by the parties, depending on the nature of the case and any limitations placed on discovery at the scheduling conference.  The initial disclosures and supplementation are not to be filed with the Clerk of Court.  (Rule 26(a)(3) disclosures before trial, on the other hand, are to be filed with the Clerk of Court).

A party may not seek discovery from another source until (a) the party seeking discovery has made its initial disclosures as required by Federal Rule of Civil Procedure 26(a), and (b) the parties have met and conferred as required by SDIL-LR 16.2(a).  A

party may not seek discovery from another party before such disclosures have been made by, or are due from, the other party.

The cut-off date for all discovery, including experts and third parties, shall be not later than 115 days prior to the first day of the presumptive trial month. Disclosure of experts and discovery with reference to experts and other discovery dates will be set according to the Joint Report of the Parties following their initial meeting or at the scheduling and discovery conference before the Magistrate Judge.

Motion Practice

**Motions to remand, motions to dismiss, motions for summary judgment, motions for judgment on the pleadings, and all post-trial motions** shall be supported by a brief.

The following briefing schedule and page limits apply unless Judge Rosenstengel has entered an order modifying the schedule/limits in a particular case.

Adverse parties have 30 days after service of a motion/brief to file a response. Motions/briefs and responses shall be no longer than 20 double-spaced typewritten pages in 12 point font. **Reply briefs are not favored and should be filed only in exceptional circumstances**. Reply briefs, if any, shall be filed within 14 days of service of the response and shall be no longer than 5 pages. Sur-reply briefs are <u>not</u> permitted.

For all **motions other than those listed above,** a supporting brief is not required. A party opposing such a motion shall have 14 days after service of the motion to file a written response. Failure to file a timely response to the motion, in the Court's

discretion, may be considered an admission of the merits of the motion. **Reply briefs are not favored and should be filed only in exceptional circumstances.** Reply briefs shall be filed within 7 days of service of the response.

Judge Rosenstengel has special deadlines for **Motions in Limine** and **Daubert Motions.** Motions in limine shall be filed no later than 21 days before the final pretrial conference. Responses thereto must be filed no later than 14 days after service of the motion. Any challenges to the testimony of a potential witness brought pursuant to FED. R. EVID. 702 or FED. R. EVID. 703 (i.e., *Daubert* motions) **shall** be filed on or before the case's deadline for dispositive motions.

Parties may not "notice up" hearings or set oral arguments on pending motions. Judge Rosenstengel routinely sets dispositive motions for hearing. These hearings will be set by the Court, and the parties will receive electronic notification.

> FOR THE COURT
> JUSTINE FLANAGAN
> ACTING CLERK OF COURT

◘ **Many forms referenced in this document are included as attachments to the December 2009 Revised Local Rules of this Court or may be downloaded, free of charge, from the District Court website at www.ilsd.uscourts.gov. Be aware, however, that Judge Rosenstengel's forms (*e.g.*, Final Pretrial Order, Exhibit List, etc.) contain modifications of the standard forms and should be downloaded directly from Judge Rosenstengel's own web page.**