**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| ANDREA CAMPBELL, individually and on behalf of all others similarly situated, ) ) ) Plaintiff, ) ) ) vs. ) ) SI WIRELESS, LLC, and DOES 1-25 ) ) Defendant. ) | Case No. 2:15-CV-2278 Honorable Nancy J. Rosenstengel, Judge Honorable Stephen C. Williams, Magistrate |

**ANSWER TO THE COMPLAINT**

For its answer to the Complaint, Defendant SI Wireless, LLC ("SI Wireless") states as follows:

**1.     Plaintiff Andrea Campbell ("Plaintiff") brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from Defendant SI Wireless, LLC's ("SI" or "Defendant") practice of sending autodialed text messages to cellular telephones after the recipient has revoked consent, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, ("TCPA").**

Answer

SI Wireless denies that the Complaint states a cause of action under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"), denies liability under the TCPA and otherwise denies the contents of Paragraph 1 of the Complaint.

**2.     The TCPA is a codification of a type of invasion of privacy. As Congress wrote in the Congressional findings in the TCPA, "[e]vidence compiled by the Congress indicates that … telephone subscribers consider automated or prerecorded telephone calls, regardless of the content or the initiator of the message, to be a nuisance and an invasion of privacy." 47 U.S.C. 227, Congressional Findings ¶ 10.**

Answer

The purpose and interpretation of the TCPA is a matter of law, which SI Wireless neither admits nor denies.

3.     **Plaintiff has her cellular telephone service through Defendant SI.**

Answer

SI Wireless admits that Plaintiff had her cellular telephone service through SI Wireless and affirmatively states that Plaintiff dropped her cellular service and therefore SI Wireless denies the contents of Paragraph 3 of the Complaint.

4.     **Defendant SI sends "account suspension" alert text messages, informing customers that their service is going to be, or has been, suspended due to, e.g., missed payments.**

Answer

SI Wireless denied that the messages are called "account suspension" alert text messages, and otherwise admits the contents of Paragraph 4 of the Complaint.

5.     **On August 8, 2016, Plaintiff replied "STOP" to one of these text messages, as each text message would arrive at approximately 7:00 AM, interrupting her sleep.**

Answer

SI Wireless admits that it sent a notice on August 8, 2016 at approximately 7:00 a.m, and that Plaintiff texted "stop" on August 8, 2016 and otherwise has insufficient information to admit or deny the contents of Paragraph 5 of the Complaint and therefore denies the other contents of Paragraph 5.

6.     **Since that date, Defendant has sent at least four additional text messages.**

Answer

SI Wireless states that it sent no more than 4 text messages after August 8, 2016 and therefore denies the contents of Paragraph 6 of the Complaint.

7.     **While the FCC has held that wireless carriers do not need any additional consent to contact their customers initially, the FCC has not similarly held that a customer may not *revoke* this consent.**

Answer

  SI Wireless admits that the FCC has held that wireless carriers do not need consent to contact their customers, and otherwise denies the contents of Paragraph 7 of the Complaint.

8.  **Indeed, under the TCPA, consumers are permitted to revoke prior express consent to receive text messages.** *See, e.g. SoundBite Communications, Inc.*, **27 FCC Rcd. 15391 (Nov. 26, 2012) (confirming that an entity may only send an opt-out confirmation text after the consumer has revoked his or her consent to receive further text messages);** *Gonnella v. Delbert Servs. Corp.*, **Case No. 14-cv-4921, 2015 U.S. Dist. LEXIS 34465, \*9-11 (N.D. Ill. Mar. 19, 2015).**

Answer

  SI Wireless denies the contents of Paragraph 8 of the Complaint.

9.  **Accordingly, Defendant's post-"stop" text messages were sent without prior express consent, and thus violated the TCPA.**

Answer

  SI Wireless denies the contents of Paragraph 9 of the Complaint.

10.  **Upon information and belief, Defendant has made and continues to send similar text messages to cellular telephones after the recipients have replied "STOP" to one of Defendant's messages.**

Answer

  SI Wireless denies the contents of Paragraph 10 of the Complaint.

## JURISDICTION AND VENUE

11.  **This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, which is a federal statute. This Court has personal jurisdiction over Defendant because it resides in this district.**

Answer

Based on the Plaintiff's contract with SI Wireless, Plaintiff is required to arbitrate its claims in Kentucky or Tennessee and therefore SI Wireless denies the contents of Paragraph 11 of the Complaint.

**12. Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant conducts significant amounts of business transactions within this District and because the wrongful conduct giving rise to this case emanated from this District. Venue is also proper because Defendant resides in this district.**

Answer

Based on the Plaintiff's contract with SI Wireless, Plaintiff is required to arbitrate its claims in Kentucky or Tennessee and therefore SI Wireless denies the contents of Paragraph 12 of the Complaint.

**PARTIES**

**13. Plaintiff is, and at all times mentioned herein was, a citizen and resident of the State of Tennessee.**

Answer

SI Wireless has insufficient information to admit or deny the contents of Paragraph 13 and therefore denies the contents of Paragraph 13 of the Complaint.

**14. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).**

Answer

SI Wireless denies the contents of Paragraph 14 of the Complaint.

**15. Defendant SI Wireless, LLC. is and at all times mentioned herein was, a corporation duly organized under the laws of the State of Illinois with its headquarters in Steeleville, Illinois.**

Answer

      SI Wireless denies the contents of Paragraph 15 of the Complaint.

16.     Defendant SI Wireless, LLC is and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

Answer

      SI Wireless denies the contents of Paragraph 16 of the Complaint.

17.     Does 1-25 are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

Answer

      SI Wireless denies the contents of Paragraph 17 of the Complaint.

## FACTUAL ALLEGATIONS

18.     Within the past four years, and primarily in 2016, Plaintiff has received text messages from Defendant's SMS "Short Code"[1] number 611 to her cellular telephone number 731-###-0510.

> [1] A "short code" is essentially a shortened telephone number, primarily used for sending and receiving SMS and MMS messages. Short codes are often, if not exclusively, used with automated messaging.

Answer

      SI Wireless denies that the messages it sent to Plaintiff were "Short Code" and denies that Plaintiff has been receiving messages from SI Wireless for four years, but otherwise admits the contents of Paragraph 18 of the Complaint.

19.     These text messages generally related to the suspension of, or the potential suspension of, Plaintiff's account. For example:

> **Your MobileNation service will be suspended within 48 hours. Go to mymobilenation.com/selfcare, dial 611 or visit a Mobile Nation₁ Store to make a payment.**

* * *

> **Your phone plan payment must be made in 12 days to avoid suspension. Go to mymobilenation.com/selfcare, dial 611 or see a MobileNation Store to make a payment.**

Answer

SI Wireless admits that it has sent messages to Plaintiff with substance of the message set forth in Paragraph 19 of the Complaint.

20.     **While this information is certainly useful, Defendant chose to send these text messages at 7:00 AM, which caused them to be more disruptive than helpful.**

Answer

SI Wireless admits that the information it sent was useful to the Plaintiff and that such messages were commonly sent at approximately 7:00 a.m. and otherwise denies the contents of Paragraph 20 of the Complaint.

21.     **Thus, while none of the text messages from 611 contained any instructions on how to stop the texts, Plaintiff, on August 8, 2016, used the tried and true – and FCC approved – method of stopping automated text messages and sent the single word "stop."**

Answer

SI Wireless admits that Plaintiff sent a message from 611 by typing and sending the word "stop," and otherwise denies the contents of Paragraph 21 of the Complaint.

22.     **Nevertheless, the texts continued, and Plaintiff received no less than four additional texts after sending her "stop" request.**

Answer

SI Wireless admits the contents of Paragraph 22 of the Complaint and further states that it sent plaintiff no more than 4 text messages after August 8, 2016.

23.     **The following month, Plaintiff called Defendant to complain about the continued text messages and asked how to stop them, and was told by Defendant's representative that the text messages could not be stopped.**

Answer

      SI Wireless admits that, on September 19, 2016, Plaintiff called SI Wireless customer service, did not identify herself and asked whether text notifications could be stopped and was incorrectly told that they could not be stopped, and further states that SI Wireless sent Plaintiff no more texts after this date.

**24. These text messages were all sent using an "automatic telephone dialing system" as defined at 47 U.S.C. § 227(a)(1) and as explained in subsequent FCC regulations and orders.**

Answer

      SI Wireless denies the contents of Paragraph 24 of the Complaint.

**25. That the text messages were sent using an automatic telephone dialing system is evidenced by, *inter alia*:**

    **a)** The frequency, persistence, and regularity of the messages;

    **b)** The near-identical form and substantially similar content of the messages;

    **c)** The fact that the messages came from a "short code," which, upon information and belief, cannot be assigned to a standard telephone;

    **d)** The traditional and near-exclusive use of "short codes" to send automated messages;

    **e)** The lack of any response in response to Plaintiff's "STOP" requests;

    **f)** The lack of any human response to Plaintiff's "STOP" requests;

Answer

      Paragraph 25 of the Complaint asserts a legal argument that SI Wireless is not obligated to admit or deny but, out of an abundance of caution, SI Wireless denies the contents of Paragraph 25 of the Complaint.

**26. Text messages are considered "calls" under the TCPA. *See, e.g.* 2003 FCC Order, 18 FCC Rcd. 14014, ¶ 165; *Lozano v. Twentieth Century Fox Film Corp.*, 702 F. Supp. 2d 999, 1003 (N.D. Ill. 2010).**

Answer

Paragraph 26 of the Complaint asserts a legal argument that SI Wireless is not obligated to admit or deny but, out of an abundance of caution, SI Wireless denies the contents of Paragraph 26 of the Complaint.

**27.     While Defendant initially had consent to send the text messages to Plaintiff's cellular telephone by virtue of Plaintiff being its customer for wireless service, Plaintiff revoked this consent.**

Answer

SI Wireless admits that SI Wireless had the authority to send text messages to plaintiff and otherwise denies the contents of Paragraph 27 of the Complaint.

**28.     It has long been held that a consumer can revoke his or her consent to receive text messages – especially if the opt-out is done in writing such as through a responsive text message.  See, e.g. SoundBite Communications, Inc., 27 FCC Rcd. 15391 (Nov. 26, 2012) (confirming that an entity may only send an opt-out confirmation text after the consumer has revoked his or her consent to receive further text messages); Gonnella v. Delbert Servs. Corp., Case No. 14-cv-4921, 2015 U.S. Dist. LEXIS 34465, *9-11 (N.D. Ill. Mar. 19, 2015).**

Answer

Paragraph 28 of the Complaint asserts a legal argument that SI Wireless is not obligated to admit or deny but, out of an abundance of caution, SI Wireless denies the contents of Paragraph 28 of the Complaint.

**29.     Accordingly, as of no later than August 8, 2016, Defendant did not have consent to send automated text messages to Plaintiff's cellular telephone.**

Answer

SI Wireless denies the contents of Paragraph 29 of the Complaint.

**30.     Nonetheless, Defendant continued to send automated text messages to Plaintiff's cellular telephone.**

Answer

>SI Wireless denies the contents of Paragraph 30 of the Complaint.

**31.    The text messages were not sent for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).**

Answer

>Paragraph 31 of the Complaint asserts a legal argument that SI Wireless is not obligated to admit or deny but, out of an abundance of caution, SI Wireless denies the contents of Paragraph 31 of the Complaint.

**32.    Accordingly, Defendant SI's text messages to Plaintiff after Plaintiff sent a "STOP" text message violated the TCPA.**

Answer

>Paragraph 32 of the Complaint asserts a legal argument that SI Wireless is not obligated to admit or deny but, out of an abundance of caution, SI Wireless denies the contents of Paragraph 32 of the Complaint.

**33.    Plaintiff has suffered injury-in-fact as a result of Defendant's telephone calls, including, but not limited to:**
   a) **Device storage. Text messages necessarily take up storage space on cellular telephones and because Defendant's text messages did so without prior express consent, they constitute concrete injury;**
   b) **Lost time reading, tending to and responding to the unsolicited texts, and deleting the unwanted texts. The time spent reading, addressing, and deleting unsolicited text messages is concrete injury;**
   c) **Invasion of Privacy. Defendant's continued contact after asking Defendant to stop contact is both a nuisance and an invasion of Plaintiff's privacy, and constitutes concrete injury.**
   d) **Aggravation and nuisance. Because the text messages came in at approximately 7 AM, they were disruptive to Ms. Campbell's morning routine, e.g. sleep or getting ready for work.**

Answer

SI Wireless denies the contents of Paragraph 33 of the Complaint.

34. These injuries are both particularized (in that they each affect plaintiff in a personal and individual way) and concrete (in that the above harm actually exists).

Answer

SI Wireless denies the contents of Paragraph 34 of the Complaint.

35. Upon information and belief, Defendant SI has sent similar messages to individuals' cellular telephones of numerous other persons after receiving a "STOP" request.

Answer

SI Wireless denies the contents of Paragraph 35 of the Complaint.

36. Plaintiff and the Class members are entitled to at least $500 per text message after sending a "STOP" message.

Answer

SI Wireless denies the contents of Paragraph 36 of the Complaint.

37. Plaintiff and the Class members are entitled to $1,500 per text message after sending a "STOP" message if Defendant's behavior was willful or knowing.

Answer

SI Wireless denies the contents of Paragraph 37 of the Complaint.

**CLASS ACTION ALLEGATIONS**

38. Plaintiff brings this action under Fed. R. Civ. P. 23 on behalf of a proposed class defined as:

> Plaintiff and all persons within the United States to whose cellular telephone number Defendant SI Wireless, LLC. sent, in the past four years, a text message, other than an opt-out confirmation text message, using an automatic telephone dialing system, after Defendant's records, or the records of any entity with whom Defendant contracted to provide text messaging services, indicate Defendant or that entity received a text message containing the word "STOP" from that cellular telephone number. ("Class")

Answer

Paragraph 38 of the Complaint asserts a legal argument that SI Wireless is not obligated to admit or deny but, out of an abundance of caution, SI Wireless denies the contents of Paragraph 38 of the Complaint.

39.   Excluded from this class are Defendant and any entities in which Defendant has a controlling interest; Defendant's agents and employees; any Judge and Magistrate Judge to whom this action is assigned and any member of their staffs and immediate families, and any claims for personal injury, wrongful death, and/or emotional distress.

Answer

Paragraph 39 of the Complaint asserts a legal argument that SI Wireless is not obligated to admit or deny but, out of an abundance of caution, SI Wireless denies the contents of Paragraph 39 of the Complaint.

40.   The Class members for whose benefit this action are brought are so numerous that joinder of all members is impracticable.

Answer

SI Wireless denies the contents of Paragraph 40 of the Complaint.

41.   The exact number and identities of the persons who fit within the class are ascertainable in that Defendant SI maintains written and electronically stored data showing:

  a. The time period(s) during which Defendant SI sent its text messages;

  b. The telephone numbers to which Defendant SI sent its text messages;

  c. The telephone numbers which sent a "STOP" text message to Defendant;

  d. The telephone numbers to which a text message was sent after Defendant received a "STOP" text message from that telephone number.

Answer

SI Wireless denies the contents of Paragraph 41 of the Complaint.

42. The Class is comprised of hundreds, if not thousands, of individuals nationwide.

Answer

SI Wireless denies the contents of Paragraph 42 of the Complaint.

43. There are common questions of law and fact affecting the rights of the Class members, including, *inter alia*, the following:

   a. Whether Defendant SI used an automatic dialing system in placing its calls;

   b. Whether Defendant SI took adequate steps to permit and/or track revocation of consent;

   c. Whether and to what extent Defendant SI honored "STOP" requests from text message recipients;

   d. Whether Plaintiff and the Class were damaged thereby, and the extent of damages for such violations; and

   e. Whether Defendant should be enjoined from engaging in such conduct in the future.

Answer

SI Wireless denies the contents of Paragraph 43 of the Complaint.

44. Plaintiff is a member of the Class in that she received text messages from Defendant SI after she sent the text "STOP."

Answer

SI Wireless denies the contents of Paragraph 44 of the Complaint.

45. The claims of Plaintiff are typical of the Class members in that they arise from Defendant's uniform conduct and are based on the same legal theories of all Class members.

Answer

SI Wireless denies the contents of Paragraph 45 of the Complaint.

46. Plaintiff and all putative Class members have also necessarily suffered concrete injury, as, by virtue of the class definition being restricted to those who received text messages after asking Defendant to "stop", all Class members spent time tending to

**Defendant's unwanted text messages, lost storage space as a result of Defendant's text messages, and suffered both a nuisance and invasion of privacy.**

Answer

    SI Wireless denies the contents of Paragraph 46 of the Complaint.

**47.    Plaintiff has no interests antagonistic to, or in conflict with, the Class.**

Answer

    SI Wireless denies the contents of Paragraph 47 of the Complaint.

**48.    Plaintiff will thoroughly and adequately protect the interests of the Class, having retained qualified and competent legal counsel to represent herself and the Class.**

Answer

    SI Wireless denies the contents of Paragraph 48 of the Complaint.

**49.    Defendant has acted and refused to act on grounds generally applicable to the Class, thereby making injunctive and declaratory relief appropriate for the Class as a whole.**

Answer

    SI Wireless denies the contents of Paragraph 49 of the Complaint.

**50.    The prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications.**

Answer

    SI Wireless denies the contents of Paragraph 50 of the Complaint.

**51.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy since, *inter alia*, the damages suffered by each class member make individual actions uneconomical.**

Answer

    SI Wireless denies the contents of Paragraph 51 of the Complaint.

**52.     Common questions will predominate, and there will be no unusual manageability issues.**

<u>Answer</u>

    SI Wireless denies the contents of Paragraph 52 of the Complaint.

**FIRST CAUSE OF ACTION**
**Violation of 47 U.S.C. § 227**
(On Behalf of Plaintiff and the Class)

**53.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.**

<u>Answer</u>

    SI Wireless incorporates its answers to foregoing allegations as if fully set forth herein.

**54.     Defendant SI sent text messages to the cellular telephone numbers belonging to Plaintiff and the other members of the Class.**

<u>Answer</u>

    SI Wireless admits that it sent text messages to certain of its customers and otherwise denies the contents of Paragraph 54 of the Complaint.

**55.     These text messages were sent after Plaintiff and Class members sought to opt out of further text messages by sending a "STOP" text message.**

<u>Answer</u>

    SI Wireless denies the contents of Paragraph 55 of the Complaint.

**56.     These text messages were all sent using equipment that had the capacity to store telephone numbers to be called or messaged, using a random or sequential number generator, and/or without human intervention.**

<u>Answer</u>

    SI Wireless denies the contents of Paragraph 56 of the Complaint.

**57.     The post-STOP text messages were all sent without the prior express consent of Plaintiff and the other members of the putative Class.**

Answer

    SI Wireless denies the contents of Paragraph 57 of the Complaint.

**58. Defendant SI has therefore violated 47 U.S.C. § 227(b)(1)(A)(iii).**

Answer

    SI Wireless denies the contents of Paragraph 58 of the Complaint.

**59. As a result of Defendant's unlawful conduct, Plaintiff and the members of the putative Class suffered actual damages and, under 47 U.S.C. § 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500 in damages for each such violation.**

Answer

    SI Wireless denies the contents of Paragraph 59 of the Complaint.

**60. Should the Court determine that Defendant's conduct was willful and/or knowing, Plaintiff and each member of the class are entitled to treble damages in the amount of $1,500 per call, pursuant to 47 U.S.C. § 227(b)(3).**

Answer

    SI Wireless denies the contents of Paragraph 60 of the Complaint.

## PRAYER FOR RELIEF

**WHEREFORE**, Defendant SI Wireless, LLC prays for the following relief:

A.    An order denying certification of the Class as defined above;

B.    Judgment in favor of defendant SI Wireless, LLC and against Andrea Campbell finding

that the actions of SI Wireless, LLC, as alleged in the Complaint, do not violate 47 U.S.C. § 227;

C.    Such other and further relief that the Court deems reasonable and just.

## JURY TRIAL DEMAND

    Defendant SI Wireless, LLC demands a jury trial on all issues so triable.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The dispute on which the Complaint is based is subject to mandatory arbitration.

### Second Affirmative Defense

The mandatory arbitration on which the dispute is subject sets the mandatory venue in Kentucky or Tennessee and, therefore, the court lacks venue.

### Third Affirmative Defense

The Complaint fails to state a claim on which relief can be granted.

### Fourth Affirmative Defense

The class as defined in the Complaint fails to meet the requirements of a class action.

### Fifth Affirmative Defense

The Plaintiff is not a suitable class representative.

### Sixth Affirmative Defense

The Plaintiff lacks standing to be a class representative.

**Seventh Affirmative Defense**

      Attorneys for Plaintiff are not a suitable class advocates.

Dated: September 26, 2017

                                              Respectfully Submitted,

                                      By: **s/ Joseph D. Murphy**
                                                Joseph D. Murphy, No. 6192246
                                                Attorney for the Defendant
                                                Meyer Capel,
                                                 *A Professional Corporation*
                                                306 W. Church Street
                                                Champaign, IL 61820
                                                Telephone: (217) 352-1800
                                                Fax: (217) 352-1083
                                                jmurphy@meyercapel.com